IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH J. ALVAREZ,

      Plaintiff,

vs.

                No. CV 18-00645 JCH/SMV

ALBUQUERQUE POLICE DEPARTMENT,
STATE OF NEW MEXICO,
BERNALILLO COUNTY SECOND JUDICIAL DISTRICT COURT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Amended Complaint for Violation of Civil Rights (Doc. 6) filed by Plaintiff, Joseph J. Alvarez. The Court will dismiss the Complaint for failure to state a claim on which relief can be granted and will grant Plaintiff leave to file an amended complaint within 30 days.

## I.  Factual and Procedural Background

On March 19, 2018, Plaintiff Joseph J. Alvarez filed a Complaint to Recover Damages for Injury in the State of New Mexico, County of Bernalillo, Second Judicial District Court. (Doc. 1-1). The case was docketed as Second Judicial District cause no. CV 2018-02200. (Doc. 1-1 at 1). The Complaint named the City of Albuquerque ex rel. Albuquerque Police Department and the State of New Mexico as Defendants. (Doc. 1-1 at 1). As his factual basis for the case, Alvarez alleges that on May 25, 2015, the Albuquerque Police Department improperly seized a 2002 Suzuki GSXR motorcycle based on Plaintiff Alvarez driving on a revoked or suspended license. (Doc. 1-1 at 2). The vehicle was subsequently forfeited based on a default judgment entered by

Second Judicial District Judge Denise Barela Shepard.  (Doc. 1-1at 2).  Alvarez asserted five

counts for relief: (1) violation of Fourth Amendment rights; (2) violation of Sixth and Fourteenth

Amendment rights; (3) violation of New Mexico's Forfeiture Act; (4) mental anguish; and (5)

punitive damages.  (Doc. 1-1 at 3).  The case was removed to this Court by Defendant State of

New Mexico based on the existence of a federal question on the face of Plaintiff's Complaint.

(Doc. 1).

      Plaintiff Alvarez filed an Amended Complaint for Violation of Civil Rights in this Court

on July 18, 2018.  (Doc. 6).  His Amended Complaint asserts jurisdiction under 42 U.S.C. § 1983.

(Doc. 6 at 1).  Alvarez names, as Defendants, Albuquerque Police Department, State of New

Mexico, and Bernalillo County Second Judicial District Court.  (Doc. 6 at 2-3).  His Amended

Complaint alleges four claims for relief:

> "Count 1:  On July 31, 2017, the Albuquerque Police Department did
> perform an unconstitutional search and seizure on the Plaintiff in which
> they illegally obtained a (1) one 2004 Volvo 2 door silver
> VIN YUINC63D245C63254. . .
>
> Count 2:  The City of Albuquerque & the Albuquerque Police Department
> violated the Plaintiff's constitutional liberties 4th & 6th Amendment as well as
> the New Mexico Forfeiture Act . . .
>
> Count 3:  The City of Albuquerque & the Albuquerque Police Department has
> caused excessive amounts of mental anguish to the Plaintiff stemming from
> this unconstitutional seizure . . .
>
> Count 4:  Punitive Damages caused by the City of Albuquerque and the
> Albuquerque Police Department stemming from this unconstitutional seizure."

(Doc. 6 at 7).  Plaintiff's prayer for relief seeks $1,000,000 in damages for constitutional violations,

$3,000,000 in damages for violation of the New Mexico Forfeiture Act, and $500,000 damages

for severe mental anguish.  (Doc. 6 at 5).  Attachments to the Amended Complaint indicate that

Alvarez's claims arise from forfeiture of three vehicles: (1) the 2002 Suzuki GSXR motorcycle on

May 25, 2015; (2) a Volvo 2-door silver automobile, VIN JS1GR7HA12210154 on July 28, 2015;

and (3) the Volvo 2-door silver automobile on July 31, 2017.  (Doc. 6 at 8-9).

The Defendant State of New Mexico filed a Motion for Summary Judgment on August 17,

2020. (Doc, 10).  The State's Motion for Summary Judgment seeks dismissal of Plaintiff's claims

on the grounds of judicial immunity and because the State is not a "person" for purposes of 42

U.S.C. § 1983.

## II.  The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Alvarez is proceeding pro se.  Under 28 U.S.C. § 1915A, the Court must review

any civil action in which a prisoner seeks redress against a governmental entity.  The Court is to

dismiss the action if (1) the complaint is frivolous, malicious, or fails to state a claim upon which

relief can be granted or (2) seeks monetary relief from a defendant who is immune from such relief.

§ 1915A(b).   The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to

state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6). Under Fed.

R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory,

unsupported allegations, and may not consider matters outside the pleading.  *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The

court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently

obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106,

1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363,

365 (10th Cir. 1991)).   A plaintiff must allege "enough facts to state a claim to relief that is

plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally

or factually insufficient to state a plausible claim for relief.  *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III. <u>Analysis of Plaintiff's Claims</u>

Alvarez's Amended Complaint asserts claims under 42 U.S.C. § 1983. (Doc. 6 at 3). In order to state a § 1983 claim for relief, a plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). To succeed under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom,* to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Further, a civil rights action against a public entity may not be based

solely on a theory of respondeat superior liability for the actions of unnamed employees. *Ashcroft v. Iqbal,* 556 U.S.at 676.

In this case, Plaintiff Alvarez does not name any individual governmental official as a defendant.  His Complaint names only the Albuquerque Police Department, the State of New Mexico, and the Bernalillo County Second Judicial District Court as parties defendant.  (Doc. 6 at 1).  Therefore, the Complaint fails to state a civil rights claim against any government official. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Although he does not name her as a Defendant, Plaintiff Alvarez makes mention of State District Judge Denise Barela Shephard in the allegations of the Complaint.  (Doc. 6 at 8).  Even if Alvarez had named Judge Shepard as a Defendant, however, any claims against her are barred by the doctrine of judicial immunity.  Federal and state law claims against judicial officers acting as judges are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009).  It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991).  Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The

> Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35. To the extent the Amended Complaint could be construed to seek damages against Judge Shepard for acts that were unquestionably made in the exercise of judicial discretion, any claims against Judge Shepard are barred by absolute judicial immunity. *Stump v. Sparkman,* 435 U.S. at 355-56.

Alvarez names the Albuquerque Police Department, City of Albuquerque as a Defendant. The Albuquerque Police Department is an agency of the City of Albuquerque and not a separate, suable entity. The City of Albuquerque may be sued under § 1983.  However, a municipality cannot be held liable for the unconstitutional conduct of its employees under a theory of *respondeat superior. Monnell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978); *Brammer–Hoelter v. Twin Peaks Charter Academy,* 602 F.3d 1175, 1188 (10th Cir.2010) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986)). Instead, a municipality is liable under § 1983 only where the employee's unconstitutional conduct occurred while he was carrying out a policy or custom established by the municipality, and there is a direct causal link between the policy or custom and the injury alleged. *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010) (citing *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir.1993) (internal citation omitted)).

The Tenth Circuit has determined that the municipal policy or custom required to support § 1983 municipal liability must be based on evidence of one of the following: (1) "a formal regulation or policy statement;" (2) an informal custom "amoun [ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law;' " (3) "the decisions of employees with final policymaking authority;" (4) "the ratification by such final policymakers of the

decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval;" or (5) the "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Brammer–Hoelter v. Twin Peaks Charter Acad.,* 602 F.3d 1175, 1189–90 (10th Cir.2010) (quoting *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) and *City of Canton v. Harris,* 489 U.S. 378, 388–91, 109 S .Ct. 1197, 103 L.Ed.2d 412 (1989)) (internal quotation marks omitted).

In this case, Alvarez does not allege that the City of Albuquerque should be liable based on any municipal policy or custom.  Nor does Alvarez assert any causal link between a policy or custom of the City of Albuquerque and the alleged injury sustained by Plaintiff.  Therefore, the Amended Complaint fails to state any claim for relief against the City of Albuquerque or the Albuquerque Police Department. *Monnell v. Dep't of Social Services,* 436 U.S. 690.

Last, Alvarez names, as Defendants, the State of New Mexico and the Bernalillo County Second Judicial District Court.  The Second Judicial District Court is an agency of the State of New Mexico. As such, the claims against it are claims against the State of New Mexico. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Therefore, the claims against the State of New Mexico and the Bernalillo

County Second Judicial District Court fail to state a claim and will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Plaintiff Alvarez also asserts a state law claim for violation of the New Mexico Forfeiture Act.   (Doc. 6 at 7).  Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims.  A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c).  Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case.  To the extent the Complaint alleges any claim under New Mexico law, the Court declines to exercise supplemental jurisdiction over Plaintiff 's remaining state-law claim.  *Osborn v. Haley,* 549 U.S. at 245.  As set out, below, the Court grants Alvarez leave to amend his claims and may reassert his state law claims if he provides a sufficient basis for the Court to exercise original federal jurisdiction.

## IV.  __The Court Will Grant Leave to Amend__

Plaintiff's Amended Complaint makes generalized allegations against governmental entities and non-suable governmental divisions.   (Doc. 6 at 3-7). As a result, the amended Complaint fails to state a sufficient claim for relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).  The Court will grant Alvarez an opportunity to amend to remedy the defects in his pleading.  *Hall v. Bellmon,* 935 F.2d at 1109. However, the Court cautions Alvarez that any claim against an individual defendant must contain specific factual allegations identifying who each individual is, what that individual did, and how that individual's actions deprived Alvarez of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.  In order to state a claim against a municipal defendant, Alvarez must establish that, in addition to conduct by an employee or agent of the defendant in violation of the Constitution, that a policy or custom of the defendant was a direct cause or moving force for the constitutional violation.  Plaintiff Alvarez may assert state law claims regarding to violation of the Forfeiture Act only if he alleges one or more sufficient federal claims.

The Court will Order Alvarez to amend the Complaint to allege any claims he believes he may have against any individual defendant or governmental entity consistent with the requirements of Fed.R.Civ.P. 11(b) and this Memorandum Opinion and Order.  Alvarez must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order.  Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

**IT IS ORDERED:**

(1) the Motion for Summary Judgment filed by Defendant State of New Mexico (Doc. 10) is **DISMISSED** as moot in light of this Memorandum Opinion and Order;

(2) the Amended Complaint for Violation of Civil Rights filed by Plaintiff Joseph J.

Alvarez (Doc. 6) is **DISMISSED** for failure to state a claim on which relief can be granted; and

(3) Plaintiff Joseph J. Alvarez is granted leave to file an amended complaint within 30 days

of entry of this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE