IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH J. ALVAREZ,

    Plaintiff,

v.

                                                                                                 No. 18-cv-645-JCH-SMV

CITY OF ALBUQUERQUE, et al,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court on Plaintiff Joseph Alvarez's third amended Complaint for Violation of Civil Rights, filed April 19, 2021, (Doc. 18) (the "Amended Complaint"), and the City of Albuquerque's Motion to Dismiss, filed October 27, 2021, (Doc. 25) (the "Motion to Dismiss"). When the Amended Complaint was filed, Plaintiff was an inmate at the Northeast New Mexico Correctional Facility. (Doc. 18 at 2). In the Amended Complaint, Plaintiff seeks damages from the City of Albuquerque (the "City") stemming from the City's allegedly unlawful seizure of his vehicles. The Court concludes that the allegations in the Amended Complaint fail to state a claim upon which relief can be granted.

    I.      BACKGROUND.

The following facts are taken from Plaintiff's Amended Complaint and from the docket in this case. For the limited purpose of this ruling the Court assumes, but does not decide, that the facts alleged by Plaintiff are true.

    On May 25, 2015, the City seized Plaintiff's 2002 Suzuki GSXR (the "Suzuki"). (Doc. 18 at 12, 13). Plaintiff alleges that the basis for the seizure "was never substantiated."[1]  (Doc. 18 at

---

1 Apparently, though it is not clear, the basis for this and other seizures alleged in the Amended Complaint was the

12). Instead of returning the Suzuki to Plaintiff within five days of the (apparent) dismissal of the underlying criminal charges, the City filed forfeiture proceedings and, based on a default judgment, sold the Suzuki at auction. (Doc. 18 at 12, see Doc. 13 at 1-2).

On July 28, 2015, the City of Albuquerque seized Plaintiff's 2004 Silver 2-door Volvo C70 (the "Volvo"). (Doc. 18 at 15). The basis for the seizure was never substantiated. (Doc. 18 at 15). The City failed to return the Volvo to Plaintiff within five days of the dismissal of the charges underlying the seizure (it is unclear when the five day period expired). (Doc. 18 at 15-16). Instead, the City held the vehicle until February 2017—apparently long after the date on which it should have been returned to Plaintiff. (Doc. 18 at 16). While the Volvo was in the City's custody, it was "substantially" damaged. (Doc. 18 at 15-16).

On July 31, 2017, the City seized the Volvo again. (Doc. 18 at 18). Plaintiff alleges that the City's "claim on the vehicle contained no merit and did not satisfy the burden of proof needed to constitute the seizure." (Id.). Again, the City failed to return the Volvo to Plaintiff within five days of the (apparent) dismissal of the criminal charges that underlay the seizure. The City held the vehicle from July 2017 until February 2019, during which time it was "severe[ly] damage[d.]" (Id).

On March 19, 2018, Plaintiff filed a complaint to recover damages for Injury in the State of New Mexico, County of Bernalillo, Second Judicial District Court. (Doc. 1-1; see Doc. 13 at 1). The City of Albuquerque ex rel. Albuquerque Police Department and the Sate of New Mexico were the named defendants in the state court complaint. (Doc. 1-1 at 1; see Doc. 13 at 1). The State of New Mexico removed the case to this Court because the complaint included federal claims. (Doc.

---

criminal charge of driving on a revoked/suspended license. *See* Plaintiff's initial complaint. (Doc. 1-1 at 2). The charge (or charges—it is not clear whether Plaintiff was charged with this crime more than once) was allegedly dismissed.

1; see Doc. 13 at 2). After the removal, Plaintiff filed an Amended Complaint for Violation of Civil Rights (the "Prior Complaint"). (Doc. 6; see Doc. 13 at 2). The named defendants in the Prior Complaint were the Albuquerque Police Department, the State of New Mexico, and the Bernalillo County Second Judicial District Court. (Doc. 6 at 2-3; see Doc. 13 at 2). The Prior Complaint alleged four claims for relief: (1) unconstitutional search and seizure of the Volvo; (2) a violation of Plaintiff's Constitutional rights guaranteed by the Fourth and Sixth Amendments, and a violation of the New Mexico Forfeiture Act; (3) mental anguish stemming from the unconstitutional seizure; and (4) punitive damages against caused by the City and the Albuquerque Police department stemming from the unconstitutional seizure. (Doc. 13 at 2; citing Doc. 6 at 7).

The Court reviewed the Prior Complaint under 28 U.S.C. § 1915A, which requires screening of a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The Court determined that it failed to allege facts sufficient to state a cognizable claim under federal law. In a Memorandum Opinion and Order entered December 10, 2020, the Court dismissed Plaintiff's federal claims without prejudice. Plaintiff was given a deadline within which to file an amended complaint consistent with the pleading standard set forth in Rule 11(b) of the Federal Rules of Civil Procedure and with the substance and import of the Court's rulings.[2] (Doc. 13 at 9). Plaintiff filed a third amended complaint on April 8, 2021 (Doc. 17), and he filed the Amended Complaint on April 19, 2021 (Doc. 18). The Amended Complaint is timely pursuant to Court-granted extensions of the filing deadline.

In the Amended Complaint the City is the only named Defendant. Plaintiff seeks $2.5

---

2 The Memorandum Opinion and Order included a discussion of the governing law and specifically identified the pleading standard and elements required to state the claims that Plaintiff apparently wished to pursue.

million in compensatory damages for the City's alleged violations of New Mexico's Forfeiture Act, NMSA 1978, § 31-27-1 through 31-27-11, and the City's alleged violations of his Fourth and Fourteenth Amendment rights under the United States Constitution. (Doc. 18 at 12-20).

Plaintiff served the City with a summons and a copy of the Amended Complaint in October 2021. (Doc. 21) Later that month, the City entered an appearance through counsel (Doc. 24), and filed the Motion to Dismiss (Doc. 25). As grounds for the Motion to Dismiss, the City argues that: (1) the Amended Complaint fails to adequately allege a municipal liability claim, (2) Plaintiff's claims are barred by the applicable statute of limitations, and (3) Plaintiff failed to comply with the Rule 4 of the Federal Rules of Civil Procedure. (Doc. 25 at 3-10). Plaintiff did not file a response to the Motion to Dismiss, and the deadline within which he was permitted to do so has long passed.

For the reasons that follow, the Amended Complaint does not state a claim upon which relief can be granted and must be dismissed.

II.     Standard of Review.

As Plaintiff is a prisoner, proceeding pro se in this civil action against a governmental entity, the Amended Complaint must be screened under 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b).  To state a claim upon which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

The Court construes Plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of pro se pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean that the court should "assume the role of advocate for the pro se litigant." *Id.*

III.     The Allegations in the Amended Complaint Fail to State a Viable § 1983 Claim.

The claims in the Amended Complaint arise under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A §1983 claim is comprised, of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

Plaintiff does not attempt to state a claim against any government official. Instead, the allegations in the Amended Complaint are directed against the City, the only named Defendant. To prevail in a § 1983 claim against the City, which in the context of § 1983 law is considered a municipality, a plaintiff must identify "an unconstitutional policy that caused the claimed injury." *Crowson v. Washington Cty. Utah*, 983 F.3d 1166, 1186 (10th Cir. 2020). In the Tenth Circuit, unconstitutional policies required to support a § 1983 municipal liability claim are exemplified by

5

one of the following: (1) "a formal regulation or policy statement;" (2) an informal custom "amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law;' " (3) "the decisions of employees with final policymaking authority;" (4) "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval;" or (5) the "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Brammer–Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189–90 (10th Cir.2010) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) and *City of Canton v. Harris*, 489 U.S. 378, 388–91 (1989)) (internal quotation marks omitted).

Although he was fully apprised of the foregoing standards in the Court's previous Memorandum Opinion and Order, Plaintiff has failed to allege the existence of a municipal policy or custom that caused the alleged constitutional deprivations. As such, the Amended Complaint fails to state a viable § 1983 claim for relief against the City and must be dismissed.

Further, to the extent that Plaintiff's claims are based on Defendants' failure to abide by the provisions of the Forfeiture Act and the related ordinances, the claims are not cognizable under § 1983. "§ 1983 does not . . . provide a basis for redressing violations of state law, but only for those violations of federal law done under color of state law." *Jones v. City & Cty. of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir. 1988); *D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010); *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002). Any such claims must be dismissed accordingly.

For the foregoing reasons and because Plaintiff failed to cure the deficiencies identified in the Court's December 10, 2020, Memorandum Opinion and Order, the Amended Complaint will be dismissed with prejudice.

IT IS THEREFORE HEREBY ORDERED that:

(1) the claims set forth in the Amended Complaint (Doc. 18) are DISMISSED with Prejudice;

(2) the Motion to Dismiss (Doc. 25) is GRANTED in Part consistent with this Opinion;

(3) a separate judgment will be entered herewith.

_____
SENIOR UNITED STATES DISTRICT JUDGE